Mario CANO; Paula Rangel; Maria Calleros; Norma E. Ramirez; Margo Munoz; Bennie G. Corona; Myron Garcia; Frank Diaz; Consuelo E. Rodriguez; Jose Ruelas; Racquel Torres; Enrique F. Aranda; Josephine Santiago; Antonio M. Lopez; Jose R. Pacheco; Luis Natividad; Marisol Natividad; Luis Garcia; Luz Palomino; Silvia Palomino; Ignacio Leon; Joaquin Galan; Ernesto Bustillos; Cathy Espitia; Salvadoran American Leadership and Educational Fund, Plaintiff(s),

v.

Gray DAVIS, in his official capacity as Governor of the State of California; Cruz Bustamante, in his official capacity as Lieutenant Governor of the State of California; Bill Jones, in his official capacity as Secretary of State of the State of California; John Bur-ton, in his official capacity as President Pro Tempore of the California State Senate; Robert Hertzberg, in his official capacity as Speaker of the California State Assembly, Defendant(s).

No. 01–08477 MMM(RCX).

United States District Court,
C.D. California.

March 18, 2002.

Vibiana Andrade, Thomas A. Saenz, Antonia Hernandez, Steven Joaquin Reyes, Mexican American Legal Defense & Educational Fund, Los Angeles, CA, Denise M. Hulett, Mexican American Legal Defense & Educational Fund, San Francisco, CA, Maria Blanco, Mexican American Legal Defense & Educational Fund, Sacramento, CA, for plaintiffs.

Otto I. Pena, Otto I Pena Offices, Los Angeles, CA, Gail H. Morse, Jenner & Block, Chicago, IL, for Invervenors.

Louis R. Mauro, CAAG-Office of Attorney General of California, Correctional Law Section, Sacramento, CA, Jennifer Kathryn Rockwell, CAAG-Office of Attorney General of California, Sacramento, CA, for Gary Davis, Cruz Bustamante, Bill Jones.

Bruce A. Wessel, Jonathan H. Steinberg, Elliot N. Brown, Laura W. Brill, Irell & Manella, Los Angeles, CA, Thomas E. Gauthier, George Waters, Olson Hagel Waters & Fishburn, Sacramento, CA, for John Burton.

Robin B. Johansen, Miguel Marguez, Kathleen J. Purcell, Joseph Remcho, Remcho, Johansen & Purcell, San Leandro, CA, for Herb Wesson, Jr.

Hogler G. Besch, Michael A. Carvin, Jones Day Reavis & Pogue, Los Angeles, CA, Andrew McBride, Wiley Rein & Fielding, Washington, DC, for California Republican Party, Howard McKeon, Shawn Steel, Michelle Steel, Carolyn Jaragin, Betty Cordova, Beckee Handrich-Seaman, Jill Schugardt, Tiffany Gharagozlou.

Eric R. Wiesel, Donald H. Heller, Donald H. Heller Law Offices, Sacramento, CA, for James L. Brulte, Dick Ackerman, Bob Margett, California State Senate Republican Caucus.

Geraldine R. Gennet, Kerry W. Kircher, Office of the General Counsel, U.S. House of Representatives, Washington, DC, for Bipartisan Legal Advisory Group of the United States House of Representatives.

Gerson A. Zweifach, Paul Morgin, Williams & Connolly, Washington, DC, Charles F. Kester, Kester & Isenberg, Encino, CA, for Howard Berman, Bob Filner.

BEFORE: REINHARDT, Circuit Judge, MORROW and SNYDER, District Judges.[1]

1. A three-judge district court consisting of one circuit judge and two district judges was convened in this case pursuant to 28 U.S.C. § 2284(a).

ORDER GRANTING IN PART AND DENYING IN PART ASSEMBLY SPEAKER WESSON'S MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF ASSEMBLY-MEMBER JUAN VARGAS AND DENYING SENATE DEFEN-DANTS' MOTION FOR PROTEC-TIVE ORDER RE DEPOSITION OF ANTONIO GONZALEZ

PER CURIAM.

 On March 5, 2002, the court held argument on Assembly Speaker Wesson's motion for a protective order regarding the deposition of Assemblymember Juan Vargas and the Senate Defendants' motion for a protective order regarding the deposition of Antonio Gonzalez. Having considered the briefs and the arguments of counsel, the court denies the Senate Defendants' motion, and grants in part and denies in part Speaker Wesson's motion as follows:

1. The legislative privilege does not bar Antonio Gonzalez, a third party non-legislator, from testifying to conversations with legislators and their staffs. See *Gravel v. United States*, 408 U.S. 606, 629, n. 18, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972). As Rule 408 of the Federal Rules of Evidence governs the admissibility of settlement discussions, not whether they are discoverable (see, e.g., *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 (N.D.Ill.2001); *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164, 1171 (C.D.Cal.1998)), the court need not address the parties' dispute regarding its applicability at this time.

2. The Supreme Court has never decided whether the legislative privilege belongs to each individual legislator or to the institution as a whole. See *United States v. Helstoski*, 442 U.S. 477, 490, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979) ("Like the District Court and the Court of Appeals, we perceive no reason to decide whether an individual Member may waive the Speech or Debate Clause's protection against being prosecuted for a legislative act"). In cases such as this one, where motivation is at issue, the court believes that an individual legislator should be able to waive the privilege over the objection of a majority of his or her peers. Given the unsettled nature of the law in this area, however, members of the court disagree as to the scope of testimony a waiving legislator should be permitted to offer if other legislators choose to assert the privilege.

3. A majority of the court concludes that, unlike Gonzalez, who is neither a member of the legislature or of its staff, and thus is not bound by any form of institutional privilege that may exist, a member of the legislature such as Assemblymember Vargas, who elects to waive the privilege, may not give unfettered testimony regarding the legislative acts of other members. Rather, the majority concludes that such a legislator may testify only to his own motivations, his opinion regarding the motivation of the body as a whole, the information on which the body acted, the body's knowledge of alternatives, and deviations from procedural or substantive rules typically employed. He may also testify to his own legislative acts and statements, but may not testify to the legislative acts of legislators who have invoked the privilege or to those of staffers or consultants who are protected by the privilege. See *United States Football League v. National Football League*, 842 F.2d 1335, 1374–75 (2d Cir.1988) ("... [T]he testimonial privilege that members of Congress enjoy under the Speech or Debate

Clause of the Constitution, art. I, § 6, cannot be waived by another member ..."); *United States v. Craig*, 528 F.2d 773, 781, n. 7 (7th Cir.1976) ("Because the Speech or Debate Clause embodies institutional as well as personal protection, the scope of the waiver must be carefully limited. The difficulty is that the individual legislator's testimony and other evidence may involve not only his conduct but also that of the body as a whole. At that point the law is clear that 'the Speech or Debate Clause clearly proscribes at least some of the evidence' "). See also 26A Charles Alan Wright & Kenneth W. Graham, Jr., FEDERAL PRACTICE & PROCEDURE, § 5675 (2001) ("The speech or debate privilege belongs to the legislator whose legislative act is involved in the evidence").

The fact that the legislators at issue here are protected by a federal common law privilege and not by the Speech or Debate Clause of the United States Constitution does not change the majority's view. While we agree with Judge Reinhardt that state legislators do not enjoy the type of absolute protection afforded members of the Congress under the Speech or Debate Clause, this, if anything, affects their ability to assert legislative privilege in the first instance. Whether an absolute or a qualified privilege should be recognized for state legislators' acts is a separate question from who should be permitted to waive the privilege once it attaches to an individual legislator's legislative acts.

Additionally, the majority believes it is premature to address, in the context of this discovery motion, what evidence of intent will, or will not, be admissible at trial. As it relates to the issue before us, the Supreme Court in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), directed that, in cases where discriminatory motive could not be proved by reference to effect alone, courts should look to the historical background of the decision, the sequence of events leading to the decision, and departures from procedural and substantive norms. *Id.* It then stated: "The legislative or administrative history may [also] be highly relevant, especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports. In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege." *Id.* at 268, 97 S.Ct. 555. Later, the Court commented that "[p]lacing a decisionmaker on the stand is ... 'usually to be avoided.' " *Id.* at 268, n. 18, 97 S.Ct. 555. These comments strongly suggest that the legislative privilege applies in constitutional litigation alleging discriminatory motivation just as it does in other contexts. While, as Judge Reinhardt notes, subsequent cases reference testimony by individual legislators and/or documentary evidence reflecting individual legislative acts, it appears that this testimony and/or evidence was voluntarily proffered or that it was admitted without objection from other members of the legislative body. As noted, what evidence may be admitted at trial in this action is an issue for another day. The present question is the scope of Assemblymember Vargas' waiver of the privilege. In this regard, the majority agrees with the view of the D.C. Circuit in *Brown & Williamson Tobacco Co. v. Williams*, 62 F.3d 408 (D.C.Cir.1995). There, the court rejected the concept that the evidentiary privilege established by the Speech or De-

bate Clause protects against use rather than non-disclosure. See *id.* at 419–20 ("B & W urges us to join the Third Circuit in holding that even though the Speech or Debate Clause bars the use of documents as evidence against Members, it does not privilege them against 'discovery'—and thus does not justify congressional refusals to disclose. . . . We do not share the Third Circuit's conviction that democracy's 'limited toleration for secrecy' is inconsistent with an interpretation of the Speech or Debate Clause that would permit Congress to insist on the confidentiality of investigative files . . ."). We conclude, similarly, that, to the extent invoked by members of the California legislature, the privilege protects both against disclosure and against use.

4. Judge Reinhardt concurs in sections 1 and 2, but dissents from in part from section 3. He does not construe the legislative privilege as precluding Assemblymember Vargas from testifying at his deposition regarding the legislative acts of others. His reasons are as follows: The Supreme Court has held that the common-law testimonial privilege accorded state legislators in federal proceedings is not as broad as that provided federal legislators by the Speech or Debate Clause of the United States Constitution. *United States v. Gillock*, 445 U.S. 360, 373, 100 S.Ct. 1185, 63 L.Ed.2d 454 (1980) (declining to recognize "an evidentiary privilege [for state legislators] similar in scope to the Federal Speech or Debate Clause . . ."). For instance, while the Speech or Debate Clause forbids the introduction of the legislative acts of federal legislators in federal criminal prosecutions, see *United States v. Helstoski*, 442 U.S. 477, 487, 99 S.Ct. 2432 (1970), the *Gillock* Court held that the common-law legislative privilege does not bar the introduction of the legislative acts of a state legislator in a similar proceeding. 445 U.S. at 373, 100 S.Ct. 1185 ("[A]lthough principles of comity command careful consideration [of whether to extend the legislative privilege to state legislators in federal proceedings], our cases disclose that where important federal interests are at stake, as in the enforcement of federal criminal statutes, comity yields"). The majority's creation of a blanket prohibition on testimony by state legislators as to their colleagues' acts and statements during the redistricting process is unwarranted in light of both the important federal interest at stake—the constitutional and statutory right to vote—and the less expansive nature of the common law privilege accorded state legislators. That the majority is creating such a blanket rule is beyond dispute. Although my colleagues contend that questions of admissibility should be put off until another day, their ruling barring even the *discovery* of Assemblymember Vargas's evidence regarding his fellow legislators' acts and statements necessarily decides the question of the *admissibility* of those statements now. Statements that are not discoverable are *a fortiori* not admissible.

When a plaintiff must prove discriminatory intent on the part of a legislature, the statements of legislators involved in the process, especially leaders and committee chairmen, as well as the authors of the legislation involved, may in some instances be the best available evidence as to legislative motive. Following *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), courts hearing redistricting matters have frequently considered tes-

timony by legislators and staff members regarding legislative acts and statements designed to show the presence or absence of discriminatory motivation. See, e.g., *Hunt v. Cromartie*, 121 S.Ct. 1452, 1464–65 (2001); *Shaw v. Hunt*, 517 U.S. 899, 906, 116 S.Ct. 1894, 135 L.Ed.2d 207 (1996); *Miller v. Johnson*, 515 U.S. 900, 917–18, 115 S.Ct. 2475, 132 L.Ed.2d 762 (1995). Although it is true that the evidence other federal courts have considered may have been admitted in the absence of any assertion of a legislative privilege, there can be no doubt that the courts that admitted the evidence considered it highly relevant. See, e.g., *Miller*, 515 U.S. at 918, 115 S.Ct. 2475. It would be odd were it otherwise in discriminatory intent cases. Motive is often most easily discovered by examining the unguarded acts and statements of those who would otherwise attempt to conceal evidence of discriminatory intent. See *Smith v. Town of Clarkton*, 682 F.2d 1055, 1065 (4th Cir.1982) ("[O]fficials acting in their official capacities seldom, if ever, announce on the record that they are pursuing a particular course of action because of their desire to discriminate against a racial minority. Even individuals acting from invidious motivations realize the unattractiveness of their prejudices when faced with their perpetuation in the public record").

I am inclined to believe that a state legislator who waives his privilege in cases involving the issue of discriminatory motivation may testify at trial to relevant statements made by other legislators and legislative staff (including consultants), subject to appropriate rulings as to admissibility. The admissibility of such testimony may depend on a number of competing considerations, including, *inter alia*, the importance of the testimony to the ultimate issue to be decided; the availability of other evidence that would point to the same conclusion; the circumstances surrounding the utterance; the extent to which the statement is deliberate and considered, or may reflect the general legislative will; the effect of admitting the statement on the legislature's legitimate need for confidentiality; and the prejudicial effect of the testimony, if any. Cf. *In Re Grand Jury (Granite Purchases)*, 821 F.2d 946, 959 (3d Cir.1987) (rejecting a categorical bar on evidence "which may somehow reveal the 'thought processes' of state legislators"). The Second Circuit's isolated two-sentence conclusory statement in an antitrust case that the Speech or Debate Clause compels a different result sheds little light on the question before us. With respect to discovery, I would permit the deposition of Assemblymember Vargas to proceed except as to matters otherwise not discoverable. I would defer ruling on the admissibility of his specific testimony until a later time. See *id.* at 958 ("The speech or debate privilege is at its core a 'use privilege' not a privilege of non-disclosure."); 26A Charles Alan Wright & Kenneth W. Graham, Jr., FEDERAL PRACTICE AND PROCEDURE § 5675 (2001) ("Since the speech or debate privilege is one of evidentiary non-use, it would not seem to bar discovery of legislative acts.") (citing *Benford v. American Broadcasting Companies, Inc.*, 98 F.R.D. 42, 46 (D.Md.1983)). As noted earlier, permitting discovery preserves the issue of the admissibility of the disputed testimony; prohibiting discovery forecloses its later admissibility. Finally, I would note that in the case before us even the majority agrees that we should not afford state legislative acts the sacrosanct status that federal legislative acts are afforded under the Speech or Debate Clause by *United States v. Brewster*, 408 U.S. 501, 511, 92

S.Ct. 2531, 33 L.Ed.2d 507 (1972). To the contrary, we are permitting the disclosure of such acts by third parties by way of deposition; the majority's ruling thus only protects the legislative acts of non-testifying legislators against disclosure by one category of deponent, other legislators who are willing to and do waive their privilege. I see no reason for erecting this partial barrier, and accordingly would permit discovery of legislative acts from both third parties and willing legislators alike, and evaluate the admissibility of such testimony in the manner described earlier, should the need to do so arise.